Mr. Justice James
delivered, the opinion of the Court:
The question which has just been decided in Smith vs. Smith (post, p. 289) is presented in this case also. This is a suit by the alleged heirs of Margaret Byrne, formerly wife of defendant, Dennis Byrne, for partition of a certain lot in this city, and for sale because partition in kind is impracticable. The property was conveyed to Mrs. Byrne, but the husband claims that the cash payment was made out of his *275 means, and that since her death he paid the deferred payments. He insists, therefore, that in case partition is made, he is entitled to contribution, as to the latter, from the heirs. But he also claims that he holds the premises as tenant by the curtesy, and that the petitioners cannot therefore have partition during his estate.for life. As it appears that he had issue by his wife, Margaret Byrne, and that she died intestate, we find that he now holds the premises as tenant by the curtesy, and for that reason the heirs are not entitled to have partition during his life estate.
The question whether partition could be had by the heirs during an existing life estate was elaborately examined by Mr. Justice Hagner in Moore vs. Shannon, 6 Mackey, 157. The court, speaking through him, there said:
“The general rule, at the passage of that statute (the statute of 1876) unquestionably was, that one in remainder or reversion could not have partition during the possession of the life tenant. ... As this rule of the law, as it existed at the date of the act of 1876, would have applied to a case like the present, the inquiry remaining for consideration is whether that statute changed the rule. If the complainants’ contention is to prevail, it must appear that the intention to effect the change was declared in express words, or is evident by necessary implication. It is plain the statute does not express that purpose in such direct terms as we would expect to find if Congress intended to change the existing law, and as has been enacted in. the statutes of one or more States. And a careful examination of the language has satisfied us that it contains nothing which necessarily implies such a purpose. Construing the statute according to the obligatory rules of construction, we have arrived at the opinion that, although a tenant in common or coparcener within this District may compel partition, whether his title be legal or equitable, it is still, notwithstanding the act of 1876, indispensable to his right to institute such proceedings that he shall be actually seized or in possession of whatever estate he may claim to be entitled to.”
*276 According to this settled construction of the act of 1876, the complainants in this suit are not entitled to partition during the life of the tenant by curtesy.
As this causeáis heard here in the first instance, we make the decree here. The bill is dismissed.